**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CASON O. MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:17-cv-01508-DCN |
| vs. ) | |
| ) | **ORDER** |
| CITY OF NORTH CHARLESTON, RYAN ) | |
| KRISTOFER TERRELL, and CHARLESTON ) | |
| COUNTY SHERIFF'S OFFICE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The following matter is before the court on defendant Charleston County Sheriff's Office's (the "Sheriff's Office") motion to compel, ECF No. 81. For the reasons set forth below, the court grants in part and denies in part the motion.

## I.  BACKGROUND

This case arises out of a § 1983 excessive force claim by plaintiff Cason O. Murray ("Murray"), who was tased during arrest on January 24, 2015. Murray was walking down a frontage road headed towards a gas station when Dennis Carter ("Deputy Carter"), a deputy with the Sheriff's Office, drove by in his unmarked patrol car. Deputy Carter, who was off duty and in civilian clothes, stopped and confronted Murray for allegedly littering. According to the complaint, Deputy Carter approached Murray in an aggressive manner and did not identify himself as a police officer. Murray claims he feared for his safety and walked away from the situation towards the gas station. Deputy Carter then returned to his vehicle and requested back-up as he continued to follow Murray closely in his vehicle.

1

Defendant Ryan Kristofer Terrell ("Terrell"), a police officer for defendant City of North Charleston (the "City"), responded to Deputy Carter's request, along with several other North Charleston police officers that the complaint refers to as John Does 1 through 5.  Within a few seconds, Murray was tased by the officers. Subsequently, Murray was arrested and charged with littering, assault and battery in the third degree, and resisting arrest.  Murray was taken to Centre Point Medical ("Centre Point") for treatment related to the tasing and later detained and incarcerated for a total of thirty-two days before being released on a personal recognizance bond.  The charges remained pending against Murray for over three years before ultimately terminating in his favor.  On June 4, 2018, defendants nolle prossed and dismissed the charges against Murray.

Murray filed this action in the Charleston County Court of Common Pleas on January 23, 2017, and it was removed to this court on June 8, 2017.  ECF No. 1.  Murray asserts claims under § 1983 for excessive force and deliberate indifference as well as state law claims for negligence, assault and battery, false imprisonment, intentional infliction of emotional distress, and unlawful search and seizure.  ECF No. 1-1, Compl. On March 11, 2019, the court dismissed Murray's claims against the City for intentional infliction of emotional distress, unlawful search and seizure, punitive damages under the South Carolina Tort Claims Act ("SCTCA"), and municipal liability under § 1983.  ECF No. 68.  The court also dismissed Murray's § 1983 claim against Deputy Carter and Murray's state law claim for false imprisonment against the Sheriff's Office.  Id. Murray's false imprisonment claim under the SCTCA against the City, negligence and gross negligence claim against the Sheriff's Office, and § 1983 claims against Terrell and John Doe 1 through 5 remain.

On October 14, 2020, the Sheriff's Office filed a motion to compel related to several? discovery requests. ECF No. 80. On October 28, 2020, Murray responded in opposition, ECF No. 81, and on November 4, 2020, the Sheriff's Office replied, ECF No. 82. The court held a hearing on the motion on December 7, 2020 (the "December Hearing"). As such, this motion has been fully briefed and is now ripe for review.

## II.  STANDARD

Pretrial discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. "The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case." Mach. Sols., Inc. v. Doosan Infracore Am. Corp., 323 F.R.D. 522, 526 (D.S.C. 2018). Parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information sought is relevant if it 'bears on [or] reasonably could lead to another matter that could bear on, any issue that is in or may be in the case.'" Ferira v. State Farm Fire & Cas. Co., 2018 WL 3032554, at *1 (D.S.C. June 18, 2018) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "[I]t is well understood that pursuant to Rule 26(b)(1) relevancy is construed very liberally." Nat'l Credit Union Admin. v. First Union Capital Markets Corp., 189 F.R.D. 158, 161 (D. Md. 1999). In determining proportionality, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The scope and conduct of discovery are within the

3

sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)).  As such, whether to grant or deny a motion to compel is generally left within the district court's "substantial discretion in managing discovery." Lone Star Steakhouse & Saloon, Inc. v. Alpha Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

A party to litigation may issue a subpoena for the production of discoverable material to a non-party to the litigation. See Fed. R. Civ. P. 45.  "The scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26." Alston v. DIRECTV, Inc., 2017 WL 1665418, at *2 (D.S.C. May 3, 2017).  In other words, the scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26.  HDSherer LLC v. Nat'l Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013).

### III.   DISCUSSION

Pursuant to the scheduling order as amended, ECF No. 42, discovery was to be completed by November 30, 2018.  Prior to the discovery deadline, the Sheriff's Office served subpoenas on Trident Health System ("Trident") and the South Carolina Department of Mental Health ("SCDMH") for Murray's medical records.  Trident refused to comply with the subpoena served on it.  SCDMH complied and produced responsive documents, yet the Sheriff's Office now requests SCDMH to provide updated documents.  Thus, the Sheriff's Office filed the instant motion to compel with respect to the two subpoenas, which the court addresses below.

### A. Trident Medical Release

In response to the Sheriff's Office's subpoena, Trident refused to provide any records without an authorized medical record release. Therefore, the Sheriff's Office requested that Murray provide a blanket medical release for Trident's medical records for all dates of service. The Sheriff's Office is primarily interested in this release to obtain medical records from Centre Point, the medical facility within Trident's network where Murray was taken immediately after his arrest. Murray objects to the Sheriff's Office's request as untimely, prejudicial, cumulative, irrelevant, and overbroad.

As a preliminary matter, the Sheriff's Office asks the court to order Murray to execute the medical release for Trident records. However, it is unclear whether the court has authority to do so. See Fields v. W. Virginia State Police, 264 F.R.D. 260, 262 (S.D.W. Va. 2010) (acknowledging that courts are divided on the issue). As such, the court construes the Sheriff's Office's motion as a motion to compel Trident to comply with the Sheriff's Office's subpoena and produce the requested documents.

Murray argues that the motion to compel is untimely because it was filed two years after the close of discovery. Murray further argues that waiting until October 2020 to file the motion is prejudicial. The Sheriff's Office responds that it advised Murray that it needed the release for Trident's records as early as May 17, 2018, ECF No. 82-1, and followed up on the request for a signed release by email on July 6, July 18, and December 27 of 2018. On January 6, 2019, Murray's counsel responded, "I thought this was taken care of already. We will get the authorization signed by our client and return as soon as possible." ECF No. 82 at 2. After not receiving the signed release, the Sheriff's Office allegedly followed up on February 1 and 8 of 2019. Murray's counsel

responded on February 8, 2019, as follows: "We haven't gotten it back yet. It has been mailed to Mr. Murray to sign and return. I will follow-up with my client." There was a similar follow-up email communication between counsel on February 20, 2019. However, it appears that the parties did not revisit the issue until June 2, 2020.

Murray does not cite any rule or case that sets a deadline for motions to compel related to a discovery requests. Indeed, the amended scheduling order in this case provides that "[d]iscovery shall be completed no later than November 30, 2018" and "[a]ll other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before December 31, 2018." ECF No. 42. Thus, the motion is timely under the scheduling order. Still, Local Civil Rule 37.01(A) (D.S.C.) provides that "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due." However, the failure to meet this deadline was due, at least in part,[1] to Murray's counsel representing to defense counsel that a signed medical release was forthcoming. During

---

[1] The court notes that the Sheriff's Office could have moved to compel Trident to produce Murray's records when Trident first refused to do so without a medical release. See A Helping Hand, LLC v. Baltimore Cty., Md., 295 F. Supp. 2d 585, 592 (D. Md. 2003). Even if Murray's records were covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the HIPAA regulations permit discovery of protected health information without a medical release if a court order or agreement of the parties prohibits disclosure of the information outside the litigation and requires the return of the information once the proceedings are concluded, with certain notification requirements. See 45 C.F.R. § 164.512(e). Such a protective order was issued in this case on December 5, 2018. ECF No. 54. Had the Sheriff's Office been diligent in its pursuit of Trident's medical records, it could have resolved this issue long before the instant motion.

6

the December Hearing, counsel for Murray conceded that she had agreed to provide the Trident medical release, although she argued that this was a miscommunication in that she had intended only to agree to providing a release for Centre Point records. Based on these representations, the court finds good cause to suspend or modify the applicable local rule deadlines and considers the instant motion timely with respect to the Trident subpoena. See Local Civ. Rule 1.02 (D.S.C.) ("For good cause shown in a particular case, the court may suspend or modify any Local Civil Rule."). Moreover, the court finds that Murray will not be prejudiced by the production of Trident's records at this time. A trial date has not been set in light of the COVID-19 pandemic, and Murray has been on notice that the Sheriff's Office was seeking Trident's medical records for Murray since the subpoena was first issued to Trident.

Murray next argues that the Sheriff's Office's request for Trident's records is cumulative and irrelevant. It is cumulative, Murray argues, because the Sheriff's Office is already in possession of Centre Point's records for Murray. The Sheriff's Office, on the other hand, maintains it is only in possession of a "Discharge Summary" and "Discharge Instructions" related to Murray's visit on the day of the incident, January 25, 2015. Murray argues that the only relevant records that might result from the Sheriff's Office's request relate to the medical treatment he received on January 25, 2015 at Centre Point.[2] Murray explains that he has not received treatment from Trident Medical Center,

---

[2] The parties both agree that Centre Point falls within Trident's network, but dispute whether a subpoena or order directed at Trident will produce records from Centre Point. Murray argues Centre Point and Trident are "two separate and distinct providers" such that Trident cannot produce Centre Point records. The Sheriff's Office maintains that it was informed that "any records from Centre Pointe would be provided with the response to our subpoena to Trident." The court need not resolve this issue. If Trident

7

meaning that any records there and presumably elsewhere in the Trident network are irrelevant to this case. The Sheriff's Office wrongly argues that relevancy "is not the issue." To the contrary, documents must be relevant to be discoverable under Federal Rule of Civil Procedure 26. ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."). And "[t]he scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26." Alston, 2017 WL 1665418, at *2. In other words, the relevancy requirement of Rule 26 applies to Rule 45 subpoenas duces tecum. During the December Hearing, defendants argued that the records could be relevant to Murray's claims for damages related to emotional distress and physical pain and suffering. Counsel for Murray conceded that she has not reviewed any Trident records, and thus, cannot confirm that the records have no bearing on Murray's claims for damages. As such, the court finds Trident's medical records for Murray are relevant to the claims in this case and grants the motion with respect to these records. Mindful that the Sheriff's Office should not benefit from its delay in bringing the instant motion, the court clarifies that Trident need only produce responsive records dated <u>before</u> the date of the Sheriff's Office's subpoena.

### B.  Updated SCDMH Records

The second subpoena at issue is directed to SCDMH. In response to that subpoena, SCDMH provided its records to the Sheriff's Office on June 15, 2018.

---

cannot produce Centre Point records as Murray alleges, then ordering it to do so will have no effect and Murray will be no worse off.

However, the Sheriff's Office now requests updated records from SCDMH. Murray objects on the grounds that the request is untimely, overbroad, oppressive, and not likely to lead to the discovery of admissible evidence. Murray also objects on the grounds that the records are protected under the psychotherapist-patient privilege.

To begin, Murray argues that the records SCDMH provided the Sheriff's Office on June 15, 2018 were "improperly disclosed by SCDMH in violation of [Murray]'s HIPAA rights when SCDMH produced sensitive mental health records without a court order or signed HIPAA authorization from the patient." ECF No. 81 at 6. However, Murray fails to acknowledge an alternative method of obtaining documents provided for under 45 C.F.R. § 164.512(e)(1)(ii) that does not violate HIPAA. This section provides that a medical facility may disclose protected health information in the course of any judicial or administrative proceeding in response to a subpoena, discovery request, or other lawful process, as long as there is notice to the individual whose records are sought, an opportunity for the individual to raise an objection, resolution of any objections, plus a protective order in place to cover the requested health information. 45 C.F.R. § 164.512(e)(1)(ii). The court is not convinced that these requirements were not met with respect to the SCDMH subpoena such that the subpoena violated HIPAA. Regardless, the time for Murray to object to this production has expired under both the scheduling order deadline for motions and the federal rules. See ECF No. 42; Fed. R. Civ. P. 45 (d)(2)(B) (setting the deadline for objections to a subpoena as fourteen days after the subpoena's service).

With respect to the Sheriff's Office request for updated SCDMH records, the motion to compel is untimely under the scheduling order. As already noted, the amended

9

scheduling order provides that discovery shall be completed by November 30, 2018. The Sheriff's Office does not point to any rule requiring Murray or SCDMH to update documents provided in response to the original subpoena, and the Sheriff's Office's request is properly viewed as a request to compel additional discovery past the discovery deadline. See LendingTree, LLC v. Zillow, Inc., 2014 WL 12740373, at *4 (W.D.N.C. Jan. 31, 2014) (denying as "untimely and unavailing" a motion to compel defendant to update data provided under an earlier discovery request). As such, the motion is denied as untimely with respect to the updated SCDMH records. Having so found, the court need not address Murray's additional objections to the Sheriff's Office's request for SCDMH records, including the application of the psychotherapist-patient privilege.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART AND DENIES IN PART** the motion to compel. Within 30 days of the date of this order, the custodians of records of Trident Health System are **ORDERED TO PRODUCE** at the office of defense counsel, Christopher Thomas Dorsel, Senn Legal, P.O. Box 12279, Charleston, SC 29422, copies of all records responsive to the subpoena issued by the Sheriff's Office in accordance with this order.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**December 8, 2020**
**Charleston, South Carolina**